NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| TOMMIE MCDOWELL, | ) | No. 08-15478 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 3:04-CV-00185-ECR-RAM |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| E.K. MCDANIEL, Warden, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted October 4, 2010<sup>**</sup>
San Francisco, California

Before:    FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY,<sup>***</sup>
District Judge.

Tommie McDowell appeals the district court's denial of his petition for

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

<sup>***</sup>The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

habeas corpus relief.  See 28 U.S.C § 2254.  We affirm.

As the parties agree, the only issue before us is whether counsel was ineffective at the time of presenting a plea offer to McDowell.  We must apply the familiar deferential standards to McDowell's claim that he is entitled to habeas corpus relief.  See Lockyer v. Andrade, 538 U.S. 63, 75–76, 123 S. Ct. 1166, 1174–75, 155 L. Ed. 2d 144 (2003); Williams v. Taylor, 529 U.S. 362, 405–10, 120 S. Ct. 1495, 1519–22, 146 L. Ed. 2d 389 (2000).  In fact, when, as here, the claim is ineffective assistance of counsel,[1] we owe double deference to the state courts' decisions.[2]

In order to prevail, McDowell must demonstrate that the state courts unreasonably determined that he failed to show a reasonable probability that he would have accepted the State's plea offer[3] if counsel had not given him some misinformation about the possible penalty he would face if the state failed to prove

---

[1]See Strickland v. Washington, 466 U.S. 668, 687, 695, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674 (1984).

[2]See Yarborough v. Gentry, 540 U.S. 1, 5–6, 124 S. Ct. 1, 4, 157 L. Ed. 2d 1 (2003) (per curiam); Cheney v. Washington, No. 08-35204, slip op. 11117, 11128–11130 (9th Cir. Aug. 2, 2010).

[3]See Hill v. Lockhart, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006).

the first degree murder charge against him,[4] but proved a lesser offense instead.[5]

On the record before the Nevada Supreme Court, we cannot say that its

determination that "McDowell cannot show he was prejudiced by any erroneous

advice by his trial counsel" was objectively unreasonable.

AFFIRMED.

---

[4]That charge carried a maximum penalty of life without the possibility of parole. Nev. Rev. Stat. § 200.030(4)(b) (1993). Notably, by his own admission, he chose to risk that rather than accept an offer of a maximum of twenty years imprisonment.

[5]Because of his past criminal record, a possible enhancement, which was not yet charged, could also result in a maximum penalty of life without the possibility of parole. Nev. Rev. Stat. § 207.010(2), (4) (1993).

3